UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-30-KJM |
| Plaintiff, | |
| v. | ORDER |
| JEFFERY PARSONS, | |
| Defendant. | |

Defendant Jeffery Parsons pled guilty to two counts of conspiracy under 18 U.S.C. § 371 involving conspiracy for payment of gratuities, 18 U.S.C. § 201(c)(1)(B) (count one), and conspiracy to dispose of government property (used batteries), 18 U.S.C. § 641 (count two). At sentencing the court deferred restitution and sought briefing from the parties. The court finds the record does not support an award of restitution, as explained below.

**I.     BACKGROUND**

Mr. Parsons stands convicted of conspiracy to pay and receive illegal gratuities (count 1) and sell property belonging to the United States (count 2), in violation of 18 U.S.C. § 371. *See* Plea Agmt., ECF No. 13. On September 10, 2020, this court sentenced him to 12 months and one day on each count, to be served concurrently for a total term of 12 months and one day in prison. *See generally* Judgment & Commitment, ECF No. 52; Sentencing Hr'g Mins., ECF No. 53. The victim in this case is "the United States Department of Defense." Presentence Rep. (PSR) ¶ 14,

1

ECF No. 50. Defendant agrees that the Mandatory Victim Restitution Act (MVRA) of 1996, 18 U.S.C. § 3663A, applies to his offense. *See* Reply at 2–3, ECF No. 57; PSR ¶ 14. Having deferred the question of the appropriate restitution to be imposed at sentencing, this court held a restitution hearing on October 19, 2020, by videoconference. Minutes, ECF No. 59. The matter is fully briefed, Gov't Br., ECF No. 54; Reply, ECF No. 57. Counsel Matthew Thuesen appeared on behalf of the government; Timothy Zindel appeared for defendant, and defendant appeared out of custody. After hearing arguments from counsel, the court submitted the matter for resolution, and resolves it here.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3663A(a)(1) the court is required to order the defendant "make restitution to the victim of the offense . . . directly and proximately harmed as a result of the commission of an offence." *Id.* at (a)(2). The government bears the burden of proving "amount of the loss sustained by the victim" by a preponderance of evidence. 18 U.S.C. § 3664(e). "[R]estitution can only include losses directly resulting from a defendant's offense" *United States v. Andrews*, 600 F.3d 1167, 1170 (9th Cir. 2010) (alteration in original) and must be proven with precision: "Speculation and rough justice are not permitted." *United States v. Anderson*, 741 F.3d 938, 954 (9th Cir. 2013). "Defendant's conduct need not be the sole cause of the [victim's] loss" to satisfy the Ninth Circuit's interpretation of the loss "'directly resulting' from defendant's criminal conduct." *United States v. Gossi*, 608 F.3d 574, 579 (9th Cir. 2010). "Any subsequent action that contributes to the loss, such as an intervening cause" that is "directly related to the defendant's conduct" suffices. *Id.*

When the parties "dispute . . .the proper amount . . . of restitution" the court must resolve the dispute "by the preponderance of the evidence" and "meet a threshold level of adequacy." *United States v. Tsosie*, 639 F.3d 1213, 1221 (9th Cir. 2011). "[T]he district court may utilize only evidence that possesses sufficient indicia of reliability to support its probable accuracy." *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (internal quotations omitted).

/////

## III. DISCUSSION

Defendant argues the government has not met its burden for restitution because it has "filed nothing to establish its loss" as required by statute, which requires "the probation officer" to obtain and "include in its presentence report, or in a separate report, . . . information sufficient for the court to exercise its discretion in fashioning a restitution order." Reply at 2 (relying on 18 U.S.C. § 3664(a)). The statute specifically provides, "The report shall include, to the extent practicable, a complete accounting of the losses to each victim," information that "the attorney for the Government" is to "promptly provide the probation officer with a listing of the amounts subject to restitution . . . not later than 60 days prior to the date initially set for sentencing . . . " 18 U.S.C. § 3664(a), (d)(1).

While probation recommends a total restitution amount be ordered and states in the PSR that "defendant agrees to pay restitution in an amount of up to $174,731.63," *see* PSR ¶ 78, the PSR does not provide an accounting of the losses to the victim, which is information the court requires to resolve a dispute regarding an amount of restitution, applying a preponderance of the evidence standard. *Tsosie*, 639 F.3d 1221 (9th Cir. 2011).

At the restitution hearing, the government clarified it requests restitution in the amount of defendant's gain and not the fair market value of the property unlawfully taken, or the cost to the victim to replace that property. At sentencing, as contemplated by the Plea Agreement, the government pointed to defendant's gain, approximately $175,000 to $188,000, to support a ten-level enhancement in the calculation of defendant's Guidelines range. *See* Plea Agmt. at A-4 (Factual Basis); *United States v. Shabudin*, 701 Fed. App'x 599, 601 (9th Cir. 2017) (affirming twelve-level enhancement based on § 2B1.1(b)(1) in light of defendant's gain from fraud offenses as alternate measure of loss). This gain was based on the stipulated facts that Mr. Parsons' wife sold government batteries to two separate recyclers for the amount of loss, $175,000 to $188,000. Plea Agmt. at A-4 (Factual Basis). The government argues now that this same amount is what is owing to the Department of Defense as the victim that lost the batteries as valuable property due to defendant's actions. Gov't Mem. at 2, ECF No. 54. The district court is not obliged to

measure the loss by the gain to the defendant and ultimately reliability is the touchstone. *See United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (concluding victim affidavits in general provide insufficient indicia of reliability to support restitution order).

At the restitution hearing, the government pointed to an exhibit to defendant's sentencing memorandum and argued it shows the government paid the Defense Logistics Agency (DLA) 6 cents per pound to take used batteries, and the DLA realized net proceeds upon further resale of the batteries. *See* Ex. B at 24, ECF No. 36-1. The exhibit documents the process by which Sierra Army Depot (SIAD) paid recyclers 6 cents per pound for approximately 50 batteries a year, given the absence of a recycling program at the time. *Id.* The record does not clarify whether SIAD had this program in place at the time defendant diverted the batteries in the scheme underlying his conviction.

Even if the government had satisfied its burden at the first step of analysis, it has not demonstrated the loss of the property alone supports tying the value the Department of Defense could have realized if reselling the batteries itself to the value defendant and his wife realized upon their resale. In *United States v. Smith*, the Ninth Circuit rejected the district court's valuation of the five loan transactions at issue in that case, as of the date on which the transactions were effected to finance other outside projects. 944 F.2d 618, 626 (9th Cir. 1991). The Circuit emphasized the importance of considering the relevant time frame: "Value should [ ] be measured by what the [victim] would have received" "when [it] had the power to dispose of the property and receive compensation." *Gossi*, 608 F.3d at 578; *cf. United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012) (error to base restitution order on defendant's gain rather than victims' actual losses). Applying this principle here, to order restitution, the court would need to be able to determine the valuation of the batteries by calculating the net proceeds the government would have realized upon its own resale of the batteries in January 2015, when it still had possession of them. Nothing in the record allows for this valuation.

If it were a matter of the required valuation proving difficult, but not impossible, the court would consider whether the MVRA's "complexity exception" applied. *Shabudin*, 701 F. App'x at 603. Here, difficulty is not an obstacle; rather, the record makes such a valuation impossible.

4

Notwithstanding the court's conclusion above, it notes the forfeiture judgment already entered in this case, whereby the court imposed a personal forfeiture money judgment against defendant in the amount of $230,829.04. *See* Order for Money Judgment, ECF No. 16. This judgment reflects a compromise between the parties regarding the proceeds defendant obtained and means he has been held accountable in that way, even if no restitution is ordered as part of his judgment of conviction.

IT IS SO ORDERED.

DATED: June 18, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE